Prudential Insurance Company of America, Plaintiff, v. John F. Cahill, Administrator of Estate of Mary E. Carter, Deceased, et al., Defendants.

Rosana St. Denis, Appellee, v. John F. Cahill, Administrator of Estate of Mary E. Carter, Deceased, Appellant.

Gen. No. 42,037.

Heard in the second division of this court for the first district at the October term, 1941. Opinion filed December 14, 1943.

Max A. Kopstein, of Chicago, for appellant; Robert V. Conners, of Chicago, of counsel.

Julius H. Selinger, of Chicago, for appellee.

Mr. Justice Scanlan delivered the opinion of the court.

The Prudential Insurance Company of America filed its complaint in an interpleader proceeding and made John F. Cahill, Administrator of the Estate of Mary E. Carter, Deceased, Rosana St. Denis and Forrest Y. Stearns, defendants. An interlocutory decree was entered by the terms of which the proceeds of four policies issued by plaintiff on the life of Mary E. Carter totaling $907.40, less $24 court costs, or $883.40, were deposited with the clerk of the court, and plaintiff was discharged from any further lia-

bility upon the policies. The administrator and Rosana St. Denis each filed an answer to the complaint. Defendant Stearns filed an answer disclaiming all interest in the proceeds of the insurance policies. After a hearing before the trial court there was a final decree entered, which found, *inter alia*:

"3. That the equities are with the claimant, Rosana St. Denis and that she has established her right to receive the said funds.

"4. That Mary E. Carter, deceased departed this life on the 12th day of April, 1940 and that said insurance policies upon her life, aggregating the net sum of Nine Hundred Seven and 40/100 Dollars became payable upon her death.

"5. That the claimant, Rosana St. Denis is entitled to the funds in the hands of the Clerk of this Court by virtue of a change of beneficiary executed by Mary E. Carter, in her lifetime designating Rosana St. Denis, as the beneficiary in said policies of insurance and that Mary E. Carter had performed in her lifetime all acts necessary in law to effect a change of beneficiary and that such change of beneficiary was effected in her lifetime.

"6. That the claimant, Rosana St. Denis has incurred expenses in the burial of the deceased and has become liable to pay her funeral bill.

"7. That the allegations of the answer of Rosana St. Denis are not denied by the pleadings in this cause.

"8. That the claimant, John F. Cahill, Administrator of the Estate of Mary E. Carter, deceased has not established his right to the proceeds of said insurance."

The decree provides that the clerk of the court pay over to Rosana St. Denis the $883.40 on deposit with him. The administrator appeals.

The verified complaint, in paragraph II, alleges "that said policies were made payable to the executor or administrator of the insured, subject to the pro-

visions of the following provision: 'FACILITY OF PAY-MENT.—It is understood and agreed that the said Company may make any payment or grant any non-forfeiture provision provided for in this Policy to any relative by blood or connection by marriage of the Insured, or to any person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, for his or her burial, or for any other purpose, and the production by the Company of a receipt signed by any or either of said persons or of other sufficient proof of such payment or grant of such provision to any or either of them shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied.' '' It further alleges, in paragraph III, "that John F. Cahill, Administrator of the Estate of Mary E. Carter, Deceased, claimed and represented to the plaintiff herein that he was entitled to the proceeds of said policies by virtue of the fact that he is the duly appointed administrator of the estate of Mary E. Carter and as such is the designated beneficiary of said policies." It further alleges, in paragraph IV, "that the said defendant, Rosana St. Denis, claimed and represented to the plaintiff herein that she was entitled to the proceeds of said policies by virtue of the fact that she had incurred expenses on behalf of the insured for her burial and for the reason that she was named beneficiary in said policies."

The administrator filed, on March 31, 1941, the following *verified* answer to the complaint:

"Now comes John F. Cahill, Administrator of the Estate of Mary E. Carter, deceased, and for answer to the Complaint in interpleader, filed herein, states as follows:

"1. This defendant admits the allegations in paragraphs I, II, III, and IV of the Complaint.

"2. This defendant states that he was appointed Administrator of the Estate of Mary E. Carter, deceased, by the Probate Court of Cook County, Illinois, and is acting as such, and as such Administrator is entitled to proceeds of the said policies payable by virtue of the death of the said Mary E. Carter, in accordance with the terms thereof.

"3. This defendant states that he is not advised as to the claims made by the other defendants to the proceeds of the said policies but states that no other person, firm or corporation is entitled to the said proceeds and further states that the proper forum for the adjudication of any claims by the said defendants against the said estate is the Probate Court of Cook County, Illinois where the said estate is being probated."

On April 23, 1941, Rosana St. Denis filed the following *unverified* answer to the complaint:

". . . 2. She neither admits nor denies the allegations of Paragraph 3 and says she does not have sufficient knowledge and information from which to form a belief. 3. She admits the allegations of Paragraph 4. . . . 6. With relation to the prayer for relief, this defendant says that she is the only person entitled to be paid the proceeds of the policies of insurance and that all other defendants be deemed not to have any right or interest in the policies or the proceeds therefrom and she says further that she is the beneficiary designated in the policies of insurance and that as between the various claimants to the proceeds her right thereto arises from the act of the deceased, the insured, who in her lifetime performed all acts necessary or required for the purpose of effecting a change of beneficiary and that such change of beneficiary was effected and insofar as it lay with the deceased and insured to do so, such change of beneficiary was completed."

When the case was called for trial the four policies were admitted by agreement and it is not disputed

that on the face of the policies the administrator of the estate of the deceased was made the beneficiary, subject to the "Facility of Payment" provision. Counsel for Mrs. St. Denis made the following statement to the court: "The facts are these. Prior to the death of the insured, she had been sick for a considerable length of time, and Mrs. St. Denis had been a friend of hers for upward of fifteen years, and during her many illnesses she nursed her, took care of her, gave her money, paid insurance premiums for her, and assured her that the funeral bill would be paid. In consideration for that, Mary E. Carter about twelve or fifteen days before her death, called in the agent of the Prudential Insurance Company and requested that he supply her with forms for designating a change in beneficiary, and that was done on March 19, 1940. The insurance agent came to her home and provided her with the necessary forms for the designated beneficiary. She signed those forms, and designated in the forms Mrs. St. Denis, the claimant in these proceedings, as beneficiary to the policies. The agent witnessed these forms and sent them to New York to the Home Office. The Home Office received these forms, and because there were some incomplete answers, and because the Insurance Company wanted more information, they sent them to the Local Office in Chicago, and requested that the agent fill in some information concerning the beneficiary. On April 10, 1940, these forms were returned to the Local Office here in Chicago, but before the agent could come back to Mrs. Carter to have the information filled out about Mrs. St. Denis, Mrs. Carter died. She was buried, my client guaranteed the funeral bill and bought the shroud and funeral clothes—such things as stockings and dress, in order to bury her decently, took possession of her dog and had him asphyxiated, according to Mary Carter's wishes, and did several other things according to the wishes of Mary Carter."

Counsel for the administrator stated that the position of the administrator was that the policies by their terms are payable to the administrator of the estate and that the administrator claimed the proceeds; that the administrator was in no position to positively deny Mrs. St. Denis' claim that the deceased had made a change in the beneficiary, but that in order to sustain her claim she must prove it. Counsel for Mrs. St. Denis then offered in evidence four exhibits in support of her claim that the deceased had made a written request on the Insurance Company by the terms of which she requested the Insurance Company to designate by indorsement upon the policies Rosana St. Denis as beneficiary to receive the death benefits thereunder. Counsel for the administrator objected to the introduction of the exhibits upon a number of grounds, but only one need be considered, *viz.*, that it was incumbent upon the claimant, St. Denis, to establish the fact that the exhibits were executed by the insured. Counsel for Mrs. St. Denis undertook to prove that the exhibits were executed by Mrs. Carter. The first witness called was the claimant, Mrs. St. Denis, but the court properly ruled that she was incompetent as a witness against the administrator. Counsel then called Julia Barr, who testified that during the last month of the illness of Mrs. Carter she was with the latter "every other day, sometimes every day"; that one day she came in and Mrs. Carter had a pencil on the table nearby and wrote her name, "Mary." "I believe I know her signature. I saw her write only 'Mary.' She was making the 'y' as I stepped in." The trial court properly held that the testimony of Mrs. Barr was not sufficient to prove the execution of the proposed exhibits. After the trial court had stated repeatedly that it was necessary for Mrs. St. Denis to make proof of the signature of Mrs. Carter before the exhibits could be introduced in evidence, counsel for Mrs. St. Denis took the position that proof that Mrs.

Carter had executed the exhibits was superfluous "because in the pleadings, the interpleader charges that our claim is based upon the beneficiary in the policy. There is no denial anywhere in the pleadings of that. That is admitted, and the Court knows no evidence is necessary to support it, in view of the state of the pleadings. . . . There is no duty under the pleadings for me to do anything more than point out the statements of the issues in the pleadings—the introduction of these papers and I have a right to rest. . . . The Court: If you are willing to take a chance, all right. Mr. Selinger [attorney for Rosana St. Denis] : I take that chance, if the Court please." Thereupon, over the objection of the administrator, St. Denis' exhibits 1–a, 2–a, 3–a and 4–a were admitted in evidence. No other proof was offered by Mrs. St. Denis and her case was closed.

Counsel for Mrs. St. Denis calls our attention to paragraph 6 in her answer and contends that that paragraph sets up new matter and that "it was incumbent upon the attorney for the administrator to file a reply to the St. Denis answer denying the allegations of Paragraph 6 or to set up such countervailing matter as would create an issue of fact. As the pleadings now stand the claim of St. Denis to the proceeds stands unanswered and therefore admitted." In support of this contention counsel cites section 32 and section 40, subsection (2), of the Civil Practice Act (par. 156, sec. 32, and par. 164, sec. 40 (2), ch. 110, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.032 and 104.040 (2)]). It is clear that this case was decided by the trial court upon a point that was without the slightest merit. The complaint sets forth that the policies were made payable to the executor or administrator of the insured, and while the claimant, Mrs. St. Denis, stated in paragraph 2 of her answer that she does not have sufficient knowledge and information from which to form a belief as to whether the said policies were made

payable to the executor or administrator, upon the hearing of the cause the four policies, admitted in evidence, show upon their face that the amount of the insurance specified in the policies was to be paid to the executors or administrators of the insured, subject to the "Facility of Payment" provision, and no proof was offered that had any bearing upon that provision. It is conceded that there is no testimony in the record to support the claim of Mrs. St. Denis that the four exhibits offered by her were ever executed by Mrs. Carter or that the latter ever saw them. The answer of the administrator, as well as the answer of Mrs. St. Denis, was to the complaint filed by the Insurance Company. In a bill of interpleader a claimant must recover on the strength of his own title and not on the weakness of the title of his adversary. (See *Mutual Life Ins. Co. of N. Y. v. Ritsher,* 196 Ill. App. 27, 33.) "As between the defendants compelled to interplead, recovery rests upon the strength of the claim of one, rather than upon the weakness of the other." (30 Am. Jur. 232.) In *Lawrence v. Paden,* 76 Ill. 510, Mr. Presiding Justice ADAMS speaking for the court said (p. 514):

"A cross-bill would seem to be unnecessary as between the defendants to a bill of interpleader. It is only necessary for them to set up their grounds of claim or right to the subject-matter of the bill, and the court can then adjudge who has the better right and, under the prayer of the bill, decree accordingly."

The disclaimer filed by the defendant Stearns did not tend to make out a case for either of the other two defendants. Faulty pleadings or a lack of proper pleadings by one defendant would not aid the claim of the other defendant. The contention that because one defendant is derelict in the matter of pleadings the other defendant is excused from proving his claim is without the slightest merit. In the answer of the administrator he alleges that as administrator he is en-

titled to the proceeds of the policies in accordance with the terms thereof and that "no other person, firm or corporation is entitled to the said proceeds." If there were any force in the position taken by Mrs. St. Denis—and there is none—it might be urged by the administrator that the claim he asserted in his answer, that he is the beneficiary under the policies and "that no other person, firm or corporation is entitled to the said proceeds," is not denied in the answer of Mrs. St. Denis, and, therefore, she concedes his claim. The claim of Mrs. St. Denis was based upon the theory that there was a change of beneficiary effected, but although the allegations of paragraph 6 state that the deceased "performed all acts necessary or required for the purpose of effecting a change of beneficiary and that such change of beneficiary was effected and insofar as it lay with the deceased and insured to do so, such change of beneficiary was completed," nevertheless, there is no affirmative allegation that as a result of the acts alleged to have been performed by the deceased, Mrs. St. Denis was made the beneficiary. While the answer of Mrs. St. Denis does not make out a clear *prima facie* case entitling her to the proceeds, it does make claim to the fund and does state that no one else was entitled to it. Giving to her answer a liberal interpretation, this cause should have been determined upon the merits, and the disposal of the estate of Mrs. Carter upon the ground interposed by Mrs. St. Denis' counsel shocks one's sense of justice. In this connection it must be noted that the record shows that there were claims filed against the estate of Mrs. Carter in the probate court. The fact that the estate was not a large one does not cure the erroneous ruling of the trial court. The administrator strenuously insists that upon the pleadings and the evidence he is entitled to a decree in his favor, but we believe that justice will be best served by a new trial of this cause upon the merits.

The decretal order of the superior court of Cook county is reversed and the cause is remanded for a new trial.

*Decretal order reversed and cause remanded for a new trial.*

FRIEND, P. J., and SULLIVAN, J., concur.